**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**PATRICK CARSON,**

        **Plaintiff,**

**vs.**                               **4:05CV11-MMP/AK**

**LAWRENCE WILLIAMS,**

        **Defendant .**

_____/


**O R D E R**

Plaintiff vaguely asserts claims under the First and Eighth Amendment for "unfair treatment" and denial of unspecified religious activities apparently because he had escaped from the jail previously and was being held in administrative confinement.  (Doc. 4).

From a review of the complaint, it is evident that the facts as presented fail to state a claim upon which relief can be granted.  Plaintiff has named only the Sheriff of the Taylor County Jail as a defendant, but has not specified what he did or did not do with regard to the claims he alleges.  Plaintiff requests that he be released to general population, so the Court can presume the unfair treatment he

complains of concerns his administrative confinement.  There are no facts whatsoever offered to support his claim that he has been denied religious activities.  Consequently, the Clerk will mail to him another civil rights complaint that Plaintiff must complete in its entirety.  He does not need to file any service copies of the complaint at this time.

The Supreme Court has expressly held that a state prisoner who is subjected to disciplinary punishment that is within the prisoner's expected condition of confinement cannot show deprivation of a protected liberty interest.  Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).  The Eleventh Circuit, too, has held that even two months administrative confinement is not a deprivation of a constitutionally protected liberty interest.  Rogers v. Singletary, 142 F.3d 1252, 1253 (11th Cir. 1998).  Only those disciplinary actions which pose an "atypical and significant hardship in relation to the ordinary incidents of prison life" may constitute a constitutional deprivation."  Sandin, 515 U.S. at 484.  Thus, Plaintiff's claim that he was held in administrative confinement following an escape from the jail does not appear to state a claim for relief under these cases.

While prisoners retain First Amendment rights, including the First Amendment right of free exercise of religion, regulations or policies "alleged to infringe constitutional rights [in prison] are judged under a 'reasonableness' test less restrictive than that ordinarily applied to alleged infringements of fundamental constitutional rights."  O'Lone v. Estate of Shabazz, 482 U.S. 340, 349, 107 S. Ct. 2400, 2404, 96 L. Ed. 2d 282 (1987).  O'Lone directs courts to give respect and deference to the judgment of prison administrators even in First Amendment

challenges raised within the confines of prison.  *Id.*  The standard of review requires that challenged prison regulations be upheld if they are "reasonably related to legitimate penological interests."  O'Lone, 482 U.S. at 350, *utilizing the standard of* Turner v. Safley, 482 U.S. 78, 107 S. Ct. 2254, 96 L. Ed. 2d 64 (1987).

Thus, to find a free exercise violation in the prison context, a plaintiff must demonstrate that prison officials have employed a policy or regulation, not reasonably related to any legitimate penological interest or security measure, which burdens a practice of his religion or prevents him from engaging in conduct or having a religious experience which the faith mandates.  This interference must be more than an inconvenience; the burden must be substantial and significantly interfere with Plaintiff's practice of his religious beliefs.  *Cf.* Thornburgh v. Abbott, 490 U.S. 401, 418, 109 S. Ct. 1874, 1884, 104 L. Ed. 2d 459 (1989) (noting that O'Lone found prison regulations valid in part because the prisoners were permitted to participate in other Muslim religious ceremonies).  Also relevant to the court's consideration is whether an "alternative means of exercising the right . . . remain open to prison inmates."  O'Lone, 482 U.S. at 351.  It must be recognized, however, that an "absence of ready alternatives" may be "evidence of the reasonableness of a prison regulation."  Turner, 482 U.S. at 90, 107 S. Ct. at 2262.  But it does not mean that prison officials "have to set up and then shoot down every conceivable alternative method of accommodating the claimant's constitutional complaint."  Turner, 482 U.S. at 90-91, 107 S. Ct. at 2262.  This is a "reasonableness" test, not a "least restrictive" alternatives test.  *Id.*, at 91, 107 S. Ct. at 2262.

Prior to considering the reasonableness of a regulation, as set forth in

Turner, the court must first determine whether an infringement has occurred, *i.e.*

whether one has been substantially burdened in practicing his religion.  Cheffer v.

Reno, 55 F.3d 1517, 1522 (11th Cir. 1995).  "Substantial burden" has been defined

as one that either compels the person to engage in conduct that his religion forbids

or forbids him from engaging in conduct that his religion requires.  *Id.* at 1522.  This

burden must be more than inconsequential.  Levitan v. Ashcroft, 281 F.3d 1313

(D.C. Cir.2002).  The religious practice allegedly burdened must be "some central

tenet of a [person's] individual beliefs, Werner v. McCotter, 49 F.3d 1476, 1480

(10th Cir. 1995), or an "essential" or "fundamental" practice.  Abdur-Rahman v.

Michigan Dept. Of Corrections, 65 F.3d 489, 491-92 (6th Cir. 1995).  In the context

of the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §

2000cc(a)(1), "substantial burden" has been found when a regulation has "a

tendency to coerce individuals into acting contrary to their religious beliefs,"  Lyng

v. Northwest Indian Cemetery Protective Ass'n, 485 U.S. 439, 450 (1988), or when

government puts "substantial pressure on an adherent to modify his behavior and

to violate his beliefs."  Hobbie v. Unemployment Appeals Comm'n of Fla., 480 U.S.

136, 141 (1987).

Only if Plaintiff demonstrates a substantial burden on his practice, is it

necessary to apply the reasonableness test of Turner to determine if the DOC's

actions were reasonably related to a legitimate penological interest.  Wilson v.

Moore, 270 F. Supp. 2d 1328,1349 (N.D. Fla. 2003).  See also Midrash Sephardi

Inc. v. Town of Surfside, 366 F.3d 1214, 1225 (11th Cir. 2004) (Plaintiff bears

4

burden of showing substantial burden on religious practice before invoking
protections of RLUIPA).  If Plaintiff fails to provide evidence that a particular
practice is essential to his faith that its absence would be a substantial burden to
the exercise of his religion, then he has failed to show that its denial violated the
First Amendment.  *Id.* at 1350.

Finally, Plaintiff admits that Taylor County jail has a grievance procedure
and that he used it, but that he has no copies of these efforts.  It is his burden to
prove that he has exhausted the grievance procedures available to him and section
1997e(a) provides that: "No action shall be brought with respect to prison conditions
under section 1983 of this title, or any other Federal law, by a prisoner confined in any
jail, prison, or other correctional facility until such administrative remedies as are
available are exhausted." 42 U.S.C. § 1997e(a).  This requirement is mandatory, and
may not be waived.  Alexander v. Hawk, 159 F.3d 1321, 1326 (11th Cir. 1998).  Thus,
Plaintiff should make an effort to obtain copies of these grievances to attach to his
amended complaint.

In amending, Plaintiff should carefully review the foregoing to determine
whether he can present allegations sufficient to state a cause of action under the
relevant law.  If Plaintiff is able to file an amended complaint, he must name as
Defendants only those persons who are responsible for the alleged constitutional
violations.  Plaintiff should not name the sheriff as a defendant if the only claim he
has against him is that he supervises the jail.  Supervisory personnel cannot be held
vicariously liable for the actions of their subordinates, but may be independently liable if
a reasonable person in the supervisor's position would have known that his conduct

5

infringed the Plaintiff's rights and the supervisor's conduct was causally related to the subordinate's constitutional violation.  Greason v. Kemp, 891 F.2d 829, 836 (11th Cir. 1990); McKinney v. DeKalb County, 997 F.2d 1440, 1443 (11th Cir. 1993).

Plaintiff should name as defendants those persons who actually denied him his rights.  Plaintiff must place their full names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the form.  Further, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation.  In civil rights cases, more than conclusory and vague allegations are required to state a cause of action.  *See, e.g.*, Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984).  In presenting his claims, Plaintiff must set forth each allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail.

To amend his complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Amended Complaint."  Plaintiff is advised that the amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original or amended complaints.  An amended complaint completely replaces all previous complaints and all earlier complaints are disregarded.  N.D. Fla. Loc. R. 15.1.  Plaintiff should file the amended complaint in the Court and keep one identical copy for himself.  Plaintiff need not file service copies until instructed to do so by the court.

Accordingly, it is hereby

**ORDERED:**

6

1.  The clerk of court shall forward to Plaintiff another Section 1983 form.

2.  Plaintiff must respond to this order by **August 27, 2005.**

3.  **Failure of Plaintiff to respond to this order or submit the requested information or explain his inability to do so will result in a recommendation to the District Judge that this action be dismissed.**

**DONE AND ORDERED** this 27th day of July, 2005.


Kornblum_____

                    _____s/A_____

**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**